UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

J&J SPORTS PRODUCTIONS, INC. as Broadcast
Licensee of the October 1, 2005 TARVER/JONES II
Program,

           Plaintiff,

   -against-

KEVIN MCINTOSH and JAMIL MCINTYRE,
Individually and d/b/a STUDIO BARBER SHOP a/k/a
STUDIO a/k/a CALVIN & TEX BARBER SHOP, and
STUDIO BARBER SHOP a/k/a STUDIO a/k/a CALVIN
& TEX BARBER SHOP,

           Defendants.
------------------------------------------------------------------------X

OPINION

05-CV-5734 (ILG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

  Plaintiff, J&J Sports Productions, Inc. ("J&J Sports"), moves this Court to reconsider its April 27, 2006 Report and Recommendation ("Report") "denying enhanced damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), in a default judgment against" defendants. Motion to Reconsider at 1. Familiarity with the Report is assumed.

  The standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *see also Fox Industries Inc. v. Gurovich*, No. 03 Civ. 5166, 2006 WL 941791, at *1 (E.D.N.Y. Apr. 12, 2006) (movant must show that "the Court overlooked controlling decisions or factual matters *that were put before it on the underlying motion*.") (emphasis added); Local Civil Rule 6.3. Because plaintiff has failed to point to any controlling decisions or data that the

Court overlooked, or that might reasonably be expected to alter the conclusions reached, the motion is denied.

In sum, plaintiff argues that the Court should have awarded enhanced statutory damages of up to $100,000 under 47 U.S.C. § 605(e)(3)(C)(ii) because: (1) the amount which the court awarded in statutory damages and fees, $4,266.75, "is not going to deter small businesses from unlawfully intercepting and exhibiting pay-per-view programs;" (2) "defendants were open for business and were financially benefitting from the exhibition of the [] boxing event;" and (3) plaintiff could not prove financial gain of the defendants due to defendants' default. Plaintiff's Memorandum of Law at 2 ("Pl. Memo of Law"). Plaintiff's arguments are unavailing.

First, it is mere speculation that an award of $4,266.75 in statutory damages and fees[1] will be insufficient to deter small businesses such as defendants from illegally intercepting cable transmissions. Indeed, small businesses need less monetary deterrence to prevent theft. *See Kingvision v. Olivares*, No. 02 Civ. 6588, 2004 WL 744226, at *4 (S.D.N.Y. Apr. 5, 2004). Quite notably, in its default motion papers, plaintiff itself sought a minimum statutory award of $1,373.75 – $54.95, the residential price of the event on pay-per-view, times 25, the capacity of defendants' establishment. Plaintiff's Damages Memorandum of Law at 6 ("Pl. Damages Memo"). The Court, however, awarded statutory damages of $2,500, finding "that the per patron analysis in the instant case will result in too low of an award." Report at 6. Plaintiff

---

[1] The Court is aware that this amount includes attorneys fees and costs, and that the Court awarded $2,500 in statutory damages. Nevertheless, defendants no doubt will make no distinction between an award of statutory damages and an award of fees, but will instead will view the judgment in its entirety – they will have to pay to plaintiff $4,266.75.

should not now be heard to complain about an award that is nearly twice the minimum award it sought.

Second, it is equally speculative that defendants "were financially benefitting from the exhibition of the [] boxing event." In its motion for reconsideration, plaintiff goes to great lengths to argue this point.[2] Plaintiff's arguments, however, are not *evidence*. Indeed, as the Court noted in the Report, plaintiff submitted absolutely no evidence whatsoever that defendants profited from the exhibition of the fight:

> This Court notes that there is no evidence that defendants were conducting business during the night of the broadcast or making any money as a result of the broadcast. There is no indication that any of the people inside were getting hair cuts. The auditor did not pay a cover charge nor was there any food or beverages to buy. Furthermore, there is nothing in plaintiff's memo to indicate that the unlawful interception and exhibition of the program resulted in commercial gain to the defendants.

Report at 7 (internal citation omitted). Given this dearth of evidence on financial gain, it would simply be inappropriate for the Court to find as a factual matter that defendants exhibited the boxing event for commercial gain.[3]

---

[2] *See* Pl. Memo of Law at 4-6. Plaintiff's reliance on cases involving bars or restaurants is misplaced as barber shops, as a general matter, do not sell food and beverages. *Id.* Absent proof that defendants were actually conducting the business of a barber shop – cutting hair, shaving beards, trimming mustaches, or selling hair care products – as they exhibited the fight at 11:00 p.m., the cases upon which plaintiff relies are of little import.

[3] For the same reason, plaintiff's new argument that defendants' default establishes that they showed the fight for commercial gain is rejected. *See* Pl. Memo of Law at 7-8. Putting aside that this new argument is inappropriately made in a motion for reconsideration, *see, e.g., National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001), a defendant's default is only deemed an admission of the facts alleged in the complaint *as to liability*, s*ee, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Whether a defendant has illegally shown a cable program for commercial gain is a question of fact as to *damages*, not liability. Indeed, the statutory provision upon which plaintiff relies in

Third, plaintiff's argument that because defendants defaulted "it was unable to obtain financial records of defendant making it impossible to prove financial gain from the exhibition of the [] boxing event" is unpersuasive.[4] Putting aside the fact that plaintiff has not identified which "financial records" would prove that defendants were conducting business on the night in question, plaintiff had ample opportunity to prove that defendants were showing the fight for commercial gain. The form "piracy affidavit" that plaintiff's investigator completed had pre-printed spaces for the investigator to indicate whether he paid a cover charge to enter the barber shop, and whether he ordered and paid for any drinks. Similarly, there is a space on the form for the investigator to describe what he observed inside the establishment. It would have been very simple for the investigator to indicate on the form whether he observed any of the patrons getting haircuts, a shave, or purchasing hair care products on the night in question. Equally unavailing is the argument that merely because there were 15 people in the barber shop watching the fight on the night in question, defendants must have been conducting business. Pl. Memo of Law at 6-7. Again, had plaintiff's investigator found any evidence of commercial activities, it would have been a simple matter to so note on his affidavit. The absence of such a notation, however, undercuts plaintiff's claim that defendant exhibited the fight for commercial gain. Had there been some indication in the piracy affidavit that defendants were conducting business on the

---

seeking enhanced damages begins "*Damages* awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses. . ." 47 U.S.C. § 605(e)(3) (emphasis added). The statutory provision as to liability – 47 U.S.C. § 605(a) – has nothing to do with plaintiff's instant motion.

[4] This, again, is a new argument that is inappropriately made in a motion for reconsideration. *National Union Fire Ins. Co.*, 265 F.3d at 115.

night in question the Court would not have hesitated to recommend an award of enhanced damages.

Ultimately, by the very terms of the statute involved here, the decision to recommend an award of enhanced damages is left to the sound discretion of the Court. *See* 47 U.S.C. § 605 (e)(3)(C)(ii) ("the court *in its discretion* may increase the award of damages") (emphasis added); *see also Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997). Indeed, plaintiff explicitly recognized the discretionary nature of an award of damages in its papers in support of the default motion. There are simply no controlling decisions which *direct* this Court to exercise its discretion and recommend an enhanced damages award of any amount. While plaintiff is no doubt unhappy with the Court's recommendation on damages, the Court is not persuaded that it overlooked any controlling decisions or data that would change its recommendation.

Plaintiff's motion for reconsideration is denied.

Dated: Brooklyn, New York
May 10, 2006

/s/
Ramon E. Reyes, Jr.
United States Magistrate Judge