UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the October 1, 2005
TARVER/JONES II Program,

                                      MEMORANDUM AND ORDER
                      Plaintiff,         05 CV 5734 (ILG) (RER)

    -against-

KEVIN McINTOSH and JAMIL McINTYRE,
Individually and d/b/a STUDIO BARBER
SHOP a/k/a STUDIO a/k/a CALVIN & TEX
BARBER SHOP, and STUDIO BARBER SHOP
a/k/a STUDIO a/k/a CALVIN & TEX BARBER
SHOP,

                           Defendants.
-------------------------------------------------------------x
GLASSER, United States District Judge:

       The plaintiff obtained a default judgment against the above named defendants and the matter was referred to Magistrate Judge Ramon E. Reyes to Report and Recommend on the issue of damages.

       After careful consideration of the plaintiff's Memorandum of Law, the affidavit of the plaintiff's President and the affidavit of counsel in support of an application for counsel fees and costs, Magistrate Judge Reyes issued a thoroughly researched and cogently reasoned Report and Recommendation ("R&R") dated April 27, 2006.

       The defendants were clearly notified by that R&R that a failure to object to its recommendation on or before May 11, 2006, would constitute a waiver of the right to appeal the Order to be issued by this Court. No objections were filed, however, a Motion to Reconsider the R&R was filed by the plaintiff, contending that an award of enhanced statutory damages should have been recommended by Judge Reyes for the reasons asserted in that Motion.

In an Opinion dated May 10, 2006, Judge Reyes responded to each of those assertions and convincingly established why they were without merit and denied the motion.

I have reviewed the plaintiff's complaint, Memorandum of Law, the affidavits supporting the claims for relief, the R&R, Motion to Reconsider and Opinion denying that Motion and conclude that the Recommendations made by Judge Reyes are well reasoned and sound on the facts and the law and I adopt them in their entirety.

Accordingly, the Clerk of Court is directed to enter judgment in favor of the plaintiff and against the defendants in the sum of $4,266.75, comprised of $2,500 in statutory damages and $1,766.75 in attorney's fees and costs together with post judgment interest at the rate of 9%.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2006

S/
I. Leo Glasser